1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. CLARK, et al., | Case No.  1:22-cv-00014-JLT-SAB |
| Plaintiffs, | ORDER RE: STIPULATION TO DISMISS PLAINTIFFS' SIXTH AND EIGHTH CAUSES OF ACTION |
| v. | |
| THOR MOTOR COACH, INC., et al., | ORDER REQUIRING PLAINTIFF TO FILE REQUEST FOR ENTRY OF DEFAULT OR A NOTICE OF STATUS OF ACTION RE: DEFENDANT FORD MOTOR COMPANY |
| Defendants. | (ECF No. 14) |
| | **FIVE DAY DEADLINE** |

On March 30, 2022, Plaintiffs and Defendants Thor Motor Coach, Inc., Barry's RV Outlet, and U.S. Bank, N.A. filed what was titled a "notice of voluntary dismissal of counts six and eight form complaint without prejudice" under Federal Rule of Civil Procedure 41(a).  (ECF No. 14.)  The parties indicate Defendant Ford Motor Company did not join in the stipulation because it has not appeared in this matter.

The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.  Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15].");  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a

1

1    plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim

2    complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The

3    Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule

4    41(a)(1) notice.").   The Court finds it proper to construe the parties' stipulation to dismiss the

5    individual causes of action as consent to amend the complaint under Rule 15 of the Federal Rules

6    of Civil Procedure.  See Hells Canyon Pres. Council, 403 F.3d at 689 ("The fact that a voluntary

7    dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a

8    technical, not a substantive distinction.") (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784

9    (Fed. Cir. 2000)).  Therefore, the Court will give full effect to the parties' stipulation through a

10   Rule 15 amendment.  Furthermore, Plaintiff shall be directed to file a request for entry of default

11   or status report regarding Defendant Ford Motor Company.

12            Accordingly, IT IS HEREBY ORDERED that:

13       1.      Pursuant to the parties' stipulation to dismiss Plaintiffs' sixth and eighth causes of

14               action without prejudice, Plaintiffs' operative complaint (ECF No. 1) is DEEMED

15               AMENDED and the sixth and eighth causes of action are no longer alleged

16               against Defendants; and

17       2.      Within **five (5) days** of the date of entry of this order, Plaintiff shall either file a

18               request for entry of default regarding Defendant Ford Motor Company or a notice

19               regarding the status of this action regarding that defendant.

20

21   IT IS SO ORDERED.

22   Dated:   __March 31, 2022__

                                                    _____
23
                                                    UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28